

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2008

# In Re:Joseph Farelli

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1157

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re:Joseph Farelli " (2008). *2008 Decisions.* Paper 1046.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1046

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1157

IN RE: JOSEPH A. FARELLI,
Appellant


KIRSTON J. FARELLI

v.

JOSEPH A. FARELLI

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 02-CV-1376
District Judge: The Honorable Terrence F. McVerry


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2008

Before: SMITH, and NYGAARD, *Circuit Judges*,
STAFFORD, *District Judge**

(Filed: June 6, 2008)


OPINION


*The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

SMITH, *Circuit Judge*.

Joseph A. Farelli and Kirston J. Farelli filed for divorce in February of 2000 in the Court of Common Pleas of Beaver County, Pennsylvania. In October of 2003, the state court issued a decision awarding Kirston $103,679.00 of the marital property.[1] In March of 2005, Joseph filed a voluntary petition for protection under Chapter 7 of the Bankruptcy Code. Kirston filed an adversary proceeding against Joseph, seeking to except from discharge under 11 U.S.C. §§ 523(a)(5) and (15) the award made by the state court. The Bankruptcy Court for the Western District of Pennsylvania found that the Pennsylvania state court's award to Kirston was in the nature of maintenance and support under § 523(a)(5). For that reason, it concluded that Joseph's debt to Kirston was not dischargeable. Joseph unsuccessfully appealed to the United States District Court for the Western District of Pennsylvania. This timely appeal followed.[2]

Joseph Farelli contends that the Bankruptcy Court erred by concluding that the award was in the nature of maintenance for and support of Kirston. Consistent with our decision in *Gianakas v. Gianakas*, 917 F.2d 759 (3d Cir. 1990), the Bankruptcy Court considered the circumstances at the time of the state court decree to discern the intent of

---

[1] The record fails to contain the state court decision at the heart of this appeal. For that reason, we have relied upon the factual recitation of the District Court and the Bankruptcy Court.

[2] The Bankruptcy Court exercised jurisdiction pursuant to 28 U.S.C. § 157(b). The District Court's jurisdiction arose under 28 U.S.C. § 158(a). Our jurisdiction exists under 28 U.S.C. § 158(d). "As an appellate court twice removed from the primary tribunal, we review both the factual and the legal determinations of the district court for error." *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101 (3d Cir. 1981).

the state court when it divided the marital property. The Bankruptcy Court appropriately looked beyond the label of the obligation and took into account the disparity between the respective financial prospects of the parties at the time of the decree. In deciding the function served by the state court's award to Kirston, the Court examined the extent of Kirston's ability to provide for her daily necessities. We find no error in the Bankruptcy Court's conclusion that the debt Joseph owed was in the nature of maintenance for and support of Kirston, thereby qualifying as an exception to discharge under 11 U.S.C. § 523(a)(5).[3] Although Joseph points to circumstances that changed after the obligation arose as evidence that Kirston did not require this award for her support, the Bankruptcy Court explained that such circumstances were not relevant in its determination of the state court's intent at the time it issued its decree. As we explained in *Gianakas*, a debtor may resort to state court to seek modification of a decree on the grounds of changed circumstances. 917 F.2d at 763.

We will affirm the judgment of the District Court.

---

[3]Joseph faults the Bankruptcy Court for failing to consider the applicability of § 523(a)(15). We find no error as the determination that the debt is excepted from discharge under § 523(a)(5) obviates the need to determine if the debt is excepted under (a)(15), which applies to debts that are "not of the kind described in paragraph (5) . . . ." 11 U.S.C. § 523(a)(15).